UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | * | |
| | * | |
| v. | * | Crim. No. 16-10208-ADB |
| | * | |
| HOLLIS OWENS. | * | |
| | * | |

**MEMORANDUM AND ORDER**

November 15, 2016

BURROUGHS, D.J.

## I. Introduction

On June 23, 2016, Hollis Owens ("Owens") was charged by complaint with violations of 18 U.S.C. § 922(g)(1), felon in possession of ammunition, and § 924(c)(1)(A), possession of a firearm in furtherance of a drug trafficking crime. [ECF No. 1]. The government moved for detention. [ECF No. 5]. On July 11, 2016, Magistrate Judge Donald L. Cabell held a hearing on probable cause and detention. [ECF No. 10]. Judge Cabell subsequently entered a detention order, finding that the government had proved by a preponderance of the evidence that Owens' release would pose a risk of nonappearance, and by clear and convincing evidence that Owens' release would pose a risk of harm to the public. [ECF No. 11]. On July 21, 2016, Owens was indicted by a grand jury and charged with six counts, including being a felon in possession of ammunition in violation of 18 U.S.C. § 922(g)(1) (count one), possession with intent to distribute a controlled substance in violation of 18 U.S.C. § 841(a)(1) (counts two through five), and possession of a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1)(A) (count six). [ECF No. 14]. On August 14, 2016, Owens filed a Motion to Reconsider the Order of Detention based on the availability of housing and employment, as well

1

as the government's clarification that Owens was likely not an armed career criminal. [ECF No. 23]. The government opposed this motion. [ECF No. 24]. Judge Cabell heard arguments on the motion at a hearing, and subsequently denied release. [ECF Nos. 27, 30].

On September 26, 2016, Owens appealed Judge Cabell's detention order to this Court based on the same circumstances underlying his motion for reconsideration. [ECF Nos. 23, 31]. The government filed an opposition. [ECF No. 35]. The Court held a hearing on Owens' appeal of the order of detention on November 10, 2016. [ECF No. 40]. For the reasons stated herein, Owens' appeal of Judge Cabell's Order of Detention [ECF No. 31] is DENIED.

## II.     Factual Background

The following facts are taken from Owens' Pretrial Services Report ("PSR"), the July 11, 2016 hearing before Judge Cabell [ECF No. 10] and the admitted exhibit, the hearing held before this Court on November 10, 2016 [ECF No. 40], and the Complaint [ECF No. 1].

Owens, age 43, was born in Boston, Massachusetts. His father died at approximately age 36 following an accident. His mother died at age 63 from cardiac arrest. Owens is currently in a relationship with a women with whom he has four children. He has three adult children from a previous relationship. Owens has regularly used drugs since he was a young teenager, and recently used cocaine to help cope with his mother's death. While Owens has had inconsistent housing for some time, his sister has now volunteered to house him at her home in Worcester, Massachusetts if he is released from detention.

Owens attended South Boston High School through the 10th grade, but did not graduate. He received a certificate of Culinary Arts and a certificate for Serve Safe from the Jewish Vocation Program at Madison High School. For the last two years, he has worked during the summer at his cousin's window cleaning company. Owens has an employment offer from his

cousin, which Pretrial Services was able to confirm. Prior to working for his cousin, Owens worked in various food service positions, including as a cook, baker, and kitchen supervisor. Owens has a significant criminal record, including several prior restraining orders taken out against him and prior gun convictions. Furthermore, he has thirteen defaults on his record.

Owens was arrested at his girlfriend's residence in Canton, Massachusetts. He and his girlfriend have four children together, ages three through 15. A search of a bedroom allegedly used by Owens resulted in the seizure of $1,860 in cash, morphine pills, cocaine base, marijuana, a scale, clear plastic bags, ammunition, and a loaded handgun. The gun, ammunition, and cash were in locked safes. The bedroom also contained an Eversource bill and life insurance application in Owens' name.

### III. Discussion

Under the Bail Reform Act, upon a motion by the government, a defendant must be detained pretrial if, after a hearing, "the judicial officer finds that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community." 18 U.S.C. § 3142(e). In making this determination, the court considers the following factors:

> (1) the nature and circumstances of the offense charged, including whether the offense is a crime of violence, a violation of section 1591, a Federal crime of terrorism, or involves a minor victim or a controlled substance, firearm, explosive, or destructive device;
>
> (2) the weight of the evidence against the person;
>
> (3) the history and characteristics of the person, including—
>
>> (A) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and

> (B) whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and

> (4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release . . . .

18 U.S.C. § 3142(g). To show that detention is warranted, the government normally must prove by a preponderance of the evidence that the defendant poses a risk of flight or by clear and convincing evidence that the defendant is a danger to the community. See United States v. Patriarca, 948 F.2d 789, 792–93 (1st Cir. 1991); see also United States v. Debrum, No. 15-10292-NMG, 2015 WL 6134359, at *4 (D. Mass. Oct. 19, 2015). Because of the offenses charged, there is a statutory presumption in favor of detention in this case. See 18 U.S.C. § 3142(e)(3)(B) (presumption of detention for violations of Section 924(c)); see also 18 U.S.C. § 3142(e)(3)(A) (presumption of detention for "an offense for which a maximum term of imprisonment of ten years or more is prescribed in" 21 U.S.C. 801 *et seq.*). The defendant thus has the burden of rebutting the presumption, but the presumption, even if rebutted, continues to hold evidentiary weight. See United States v. Dillon, 938 F.2d 1412, 1416 (1st Cir. 1991). District courts review challenges to a magistrate judge's pretrial detention order de novo. United States v. Marquez, 113 F. Supp. 2d 125, 127 (D. Mass. 2000) (citing United States v. Tortora, 922 F.2d 880, 883 n. 4 (1st Cir. 1990)); see also United States v. Hernandez, No. 14-10367, 2015 WL 4448094, at *2 (D. Mass. July 20, 2015); United States v. Rose, No. 11-10062, 2012 WL 2500497, at *1 (D. Mass. June 26, 2012).

After having carefully reviewed the record before Judge Cabell and the oral arguments made before this Court, the Court finds that the government proved, by clear and convincing evidence, that no conditions short of pretrial detention would reasonably assure the community's safety, and by a preponderance of the evidence that Owens poses a flight risk, even with housing,

employment, and a shorter mandatory minimum sentence than previously thought. By creating a statutory presumption in favor of detention in cases involving alleged violations of 18 U.S.C. § 924(c) and violations for which a maximum of ten years or more is prescribed under 21 U.S.C. 801 *et seq.*, Congress has indicated that the nature of such offenses inherently poses risks warranting detention. In this case, the alleged offenses are serious and supported by a probable cause determination by the Grand Jury. Owens faces a possible ten year sentence on the first count, a possible 20 year sentence on counts two through five, and a mandatory five year sentence on count six. Moreover, alleged firearm and drug possession violations occurred in the home he shared with his four children (spanning the ages of three to 15), exposing them to an obvious danger. Furthermore, Owens has an extensive criminal record that includes several restraining orders and prior gun convictions. He has also defaulted on court appearances over a dozen times, indicating that he is a flight risk. The Court is not persuaded that living with his sister and working at his cousin's company would sufficiently ameliorate the risk to public safety and assure the defendant's presence at trial.

**IV.   Conclusion**

For the foregoing reasons, Owens' appeal of Judge Cabell's detention order [ECF No. 31] is DENIED. Defendant Hollis Owens is hereby ordered to remain DETAINED WITHOUT BOND pending trial.

**So Ordered.**

Dated: November 15, 2016

/s/ Allison D. Burroughs
ALLISON D. BURROUGHS
U.S. DISTRICT COURT JUDGE