UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>v.<br><br>HOLLIS OWENS,<br><br>Defendant | *<br>*<br>*<br>*<br>*   Criminal Action No. 16-cr-10208-ADB<br>*<br>*<br>*<br>*<br>* |

**MEMORANDUM AND ORDER**

BURROUGHS, D.J.

Hollis Owens ("Owens") was indicted on multiple counts of possessing a controlled substance with the intent to distribute, as well as possession of a firearm in furtherance of a drug crime and being a felon in possession of ammunition. Presently pending before the Court is Owens's Motion to Suppress evidence discovered by police in locked safes within a residence during the execution of a search warrant. [ECF No. 44]. The United States filed an opposition to this motion. [ECF No. 59]. For the reasons discussed below, the Court **DENIES** the Motion to Suppress [ECF No. 44].

**I. BACKGROUND**

In the spring of 2016, police officers in the MetroWest Drug Task Force ("Task Force") conducted an investigation into the illegal distribution of narcotics in and around Framingham, Massachusetts. [ECF No. 44-1]. During this investigation, Owens allegedly sold cocaine to Task Force officers during a series of controlled buys. Id. Based on their investigation, Task Force Officers came to believe that Owens resided at 611 Arboretum Way, Canton, Massachusetts. Id. On April 29, 2016, the officers obtained a search warrant for the premises of 611 Arboretum

Way, which was an apartment within Building 6 of Arboretum Way. [ECF No. 44-2]. Owens does not challenge the validity of that warrant in his Motion to Suppress. The search warrant authorized the Task Force officers to search the 611 Arboretum Way apartment for the presence of "[c]ocaine, a controlled substance as defined in MGL 94C, cocaine paraphernalia, money or evidence of money, including money utilized by law enforcement to purchase cocaine, books, notes, papers, records related to cocaine sales, and purchases, or showing occupancy, this includes any information in electronic form." Id.

Officers in the Task Force searched the 611 Arboretum Way apartment on April 29, 2016. [ECF No. 44-3 at 4]. At the apartment, Erica Edwards, a woman believed to be Owens's girlfriend and the mother of his children, identified a back bedroom as Owens's. Id. In that bedroom, officers found many items bearing Owens' name as well as drugs. Id. The officers also discovered three locked safes. Id. at 5. The safes were pried open. Id. The officers discovered $1,860 in cash, $200 of which were official funds that had been supplied by the Canton Police to purchase crack cocaine and given to Owens during the April 25, 2016 undercover drug sale, and a loaded (10 rounds) Smith & Wesson 9mm hand gun, a black holster, another holster, and several rounds of multiple caliber ammunition in the safes. Owens now moves under the Fourth Amendment to suppress the items found in the locked safes. [ECF No. 44].

## II. DISCUSSION

The Fourth Amendment to the United States Constitution states in full:

> The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized.

U.S. Const. amend. IV; see also United States v. Lyons, 740 F.3d 702, 724 (1st Cir. 2014). "A lawful search of fixed premises generally extends to the entire area in which the object of the

2

search may be found, and is not limited by the possibility that separate acts of entry or opening may be required to complete the search." United States v. Ross, 456 U.S. 798, 820–21 (1982). "Thus, a warrant that authorizes an officer to search a home for illegal weapons also provides authority to open closets, chests, drawers, and containers in which the weapon might be found." Id. at 821.

"As a general proposition, any container situated within residential premises which are the subject of a validly-issued warrant may be searched if it is reasonable to believe that the container could conceal items of the kind portrayed in the warrant." United States v. Gray, 814 F.2d 49, 51 (1st Cir. 1987); see also United States v. Peake, 804 F.3d 81, 87 (1st Cir. 2015). "In determining whether it is reasonable to search a particular container for an object, 'search warrants and affidavits should be considered in a common sense manner, and hypertechnical readings should be avoided.'" United States v. Rogers, 521 F.3d 5, 10 (1st Cir. 2008) (quoting United States v. Bonner, 808 F.2d 864, 868 (1st Cir. 1986)). There is no exception for locked containers. See United States v. Towne, 705 F. Supp. 2d 125, 134 (D. Mass. 2010) ("Any unlocked or locked container on the premises that could reasonably conceal an item described in the warrant may be opened and searched.").

Here, it was reasonable to believe that items named in the search warrant—drugs, money, and records—could be stored in safes located in Owens's bedroom. Thus, the police searching Owens's bedroom had the authority to pry open the safes they found there. Since the police had a warrant that allowed the entire apartment to be searched, they could lawfully search for evidence in any container, locked or unlocked, found on those premises that could have reasonably held the evidence they were authorized to look for. Their search did not exceed the scope of the

search warrant. As such, this Court finds no reason to suppress the evidence discovered within the safes.

Finally, Owens is not entitled to an evidentiary hearing on this motion because he has not made "a sufficient threshold showing that material facts are in doubt or dispute, and that such facts cannot reliably be resolved on a paper record." United States v. Staula, 80 F.3d 596, 603 (1st Cir. 1996).

### III. CONCLUSION

For the reasons stated above, this Court hereby DENIES Owens's Motion to Suppress [ECF No. 44].

**SO ORDERED.**

January 13, 2017                                        /s/ Allison D. Burroughs
                                                        ALLISON D. BURROUGHS
                                                        U.S. DISTRICT JUDGE